UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICKY STATEN,

          Plaintiff,

vs.                                  Case No. 2:11-cv-2-FtM-99SPC

JACQUES PHILLIP LAMOUR; SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

          Defendants.
_____

**OPINION AND ORDER**

I.

This matter comes before the Court upon review of Defendant Lamour's Motion to Dismiss (Doc. #16, Motion), filed November 7, 2011. After being granted an extension of time, Plaintiff filed a response in opposition (Doc. #24, Response) and attached a supporting memorandum of law (Doc. #25, Memorandum). Thus, this matter is ripe for review.

Plaintiff Ricky Staten, who is proceeding pro se, initiated this action as a prisoner in the custody of the Secretary of the Florida Department of Corrections by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on January 3, 2011. Because Plaintiff's initial Complaint was not filed on the Court's approved form, inter alia, the Court directed Plaintiff to file an Amended Complaint. See Doc. #9. Plaintiff is proceeding on his Amended Complaint (Doc. #14, Amended Complaint), and exhibits attached thereto (Doc. #14-1), against Defendants

Lamour, a doctor employed by the Department of Corrections; and, the Secretary of the Florida Department of Corrections.[1] See generally Amended Complaint.

On July 7, 2007, Plaintiff was transferred from DeSoto Correctional Institution to Larkin Community Hospital due to his "severe abdominal pain." Amended Complaint at 10. Plaintiff underwent surgery that same day during which a four and one half inch section of Plaintiff's intestines were removed. Id. Metal staples were used to close-up the incision. Id. Immediately after the surgery, Plaintiff states that he told the surgeon that he felt pain, but the doctor advised that his discomfort was likely from the metal staples used to close the incision. Id.

On September 25, 2007, Defendant Lamour examined Plaintiff at Desoto Correctional Institution. Id. Plaintiff described to Lamour the discomfort he had been experiencing since July and told Lamour that he suspected that a medical instrument was left inside of his body from the surgery. Id. Defendant Lamour confirmed by x-ray that a piece of medical equipment remained inside Plaintiff. Doc. #14-1 at 1. Plaintiff alleges that Defendant Lamour told Plaintiff to "just relax," as he proceeded to remove Plaintiff's staples, re-open the surgical incision, and attempt to manually remove the foreign object from Plaintiff's body, without any

---

[1] As of the date on this Order, the Secretary of the Florida Department of Corrections has not received service of process. The Court will direct service upon the Secretary by separate Order.

anesthesia in a non-sterile environment. Id. Plaintiff alleges Defendant Lamour called Nurse Reed to assist him, but the nurse fainted upon seeing Plaintiff's condition. Id. Defendant Lamour did not successfully remove the foreign object from Plaintiff's body, nor did Lamour refer Plaintiff to an outside medical provider for additional treatment. Id. To this day, Plaintiff claims that he still has the foreign object in his body and that he still experiences pain and discomfort. Id. As relief, Plaintiff seeks $500,000 in damages. Id.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v.

Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955,

1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III.

Defendant Lamour seeks dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915. Motion at 2. Defendant argues that Plaintiff does not identify any constitutional right that Defendant violated. Id. at 4. In the alternative, Defendant argues that to the extent Plaintiff intends to state.an Eighth Amendment violation, the Complaint must be dismissed dismissed because the facts cannot show an Eight Amendment violation. Id. at 6. In support, Defendant refers the Court to a Fifth Circuit Court of Appeals case involving a prison doctor's failure to treat an inmate's ulcer that resulted in that inmate's death. Id. at 8 (citing Stewart v. Murphy, 174 F.3d 530 (5th Cir. 1999)). Defendant Lamour asserts that "Dr. Lamour acted

to treat Plaintiff's complaints, rather than inflict pain." Id. at 10. Additionally, Defendant argues that this Court lacks jurisdiction over any State law negligence claims. Id. at 12-16.

In Response to Defendant's Motion, Plaintiff reiterates the facts alleged in his Amended Complaint. See generally Response. Plaintiff further alleges that the reason Defendant Lamour could not remove the foreign object was because the object was entangled with Plaintiff's organs. Memorandum at 2. Plaintiff also expressly states that he does not intend on setting forth any State law claims in this action. Id. at 3-4; Memorandum at 12.

IV.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1

(11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a § 1983 action. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). A plaintiff alleging a constitutional deliberate indifference claim "must sufficiently allege 'both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need.'" Harper v. Lawrence County, Ala., 592 F.3d. 1227, 1233 (11th Cir. 2010)(quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)(footnote omitted)). "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citing Taylor, 221 F.3d at

1258)(alteration in original). To establish "deliberate indifference" the plaintiff must establish that Defendant "(1) had sufficient knowledge of a risk of serious harm; (2) disregarded that risk; and, (3) acted with more than gross negligence." Harper, 592 F.3d at 1233 (citations omitted). Further, the plaintiff must show that it was the "Defendant's conduct" that "caused [Plaintiff's] injuries." Id.

To establish "sufficient knowledge," a Defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also draw the inference.'" Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette, 533 F.3d at 1331.

Further, a plaintiff must allege that the Defendant disregarded the risk of serious harm to the plaintiff with conduct that rises beyond negligence. Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001). "Deliberate indifference" can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." Taylor v. Adams, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (internal quotation omitted).

Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003). Further, the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Id.

Liberally construing the Complaint and accepting the facts alleged as true, the Court finds that Plaintiff has alleged a plausible claim under the Iqbal-Twombly standard. Here, Plaintiff alleges an Eighth Amendment violation stemming from: (1) Defendant's two-month delay in rendering medical treatment to Plaintiff- the delay between the time of Plaintiff's surgery to the time Defendant Lamour realized Plaintiff had a foreign object in his body and attempted to render treatment; (2) Defendant's actions in attempting to remove the foreign object from Plaintiff's abdominal region in an unsterile environment and without any anesthesia; and, (3) Defendant's failing to provide any additional treatment to Plaintiff, who to date still has the foreign object in his body. At this stage of the proceedings, the Court finds Plaintiff has alleged sufficient facts to establish that he had a serious medical condition and that Defendant Lamour acted with deliberate indifference to Plaintiff's condition. Further, Plaintiff denies that proceeding against Defendant under a pendent negligence claim under Florida law. Based on the foregoing, Defendant Lamour's Motion to Dismiss is denied. To the extent the

Court did not address Defendant's reamining arguments herein, the Court deems the arguments without merit.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Lamour's Motion to Dismiss (Doc. #16) is **DENIED**.

2. Defendant Lamour shall file an Answer within **twenty-one (21) days** from the date on this Order.

DONE AND ORDERED at Orlando, Florida, on this 13 day of April, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record