UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICKY STATEN,

                    Plaintiff,

vs.                                    Case No.  2:11-cv-2-FtM-99SPC

JACQUES PHILLIP LAMOUR; SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

                    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon review of Defendant
Lamour's motion for summary judgment (Doc. #40, Lamour Mot. SJ) and
attached exhibits consisting of: a chronology of Plaintiff's
medical care (Doc. #40-1, Exh. A), Plaintiff's medical records
(Docs. #40-2-#40-3, Exh. B), medical operative report from Dr.
Gustavo Leon from Larkin Community Hospital concerning June 30,
2007 surgery (Doc. #40-4, Exh. C), medical discharge summary from
Dr. Jose Suarez from Larkin Community Hospital dated July 23, 2007
(Doc. #40-5, Exh. D), physician order sheet (Doc. #40-6, Exh. E),
Consultation Request Form (Doc. #40-7, Exh. F), South Florida
Reception Center Radiology Report (Doc. #40-8, Exh. G),
Consultation Request Form dated January 7, 2008 (Doc. #40-9, Exh.
H), Surgical Consultation Notes from Dr. Alvaro Bada dated January
21, 2008 (Doc. #40-10, Exh. I), Refusal of Health Care Services
dated February 1, 2008 (Doc. #40-11, Exh. J), and an undated
response to Plaintiff's inmate grievance (Doc. #40-12, Exh. L).

Defendant Secretary of the Florida Department of Corrections also moves for summary judgment (Doc. #32) and filed a notice of joinder with Defendant Lamour's motion for summary judgment (Doc. #42).

Plaintiff has not filed a response to either of Defendants' respective motions for summary judgment and the time to do so has long expired.  See docket;  see also Doc. #41 (warning Plaintiff about Rule 56).   Because Plaintiff has failed to address Defendants' assertions of fact as required under Fed. R. Civ. P. 56(c), the Court will consider the facts asserted by Defendants in their respective motions and contained in their supporting documents to be undisputed.   Fed. R. Civ. P. 56(e)(e).   Based on the reasons that follow, the Court will grant Defendants' respective motions for summary judgment.

I.

Plaintiff, who is proceeding *pro se*, initiated this action as a Florida prisoner by filing a § 1983 Civil Rights Complaint pursuant to 42 U.S.C. § 1983.[1]  In compliance with the Court's July

---

[1]Since Plaintiff initiated this action, he has been released from the custody of the Secretary of the Florida Department of Corrections.   See Doc. #39 (notice of change of address).   On December 13, 2012, the Court ordered Plaintiff to file an updated proof of indigence form within twenty days from the date on the order.   See Order at Doc. #43.   Plaintiff failed to comply with the Court's order and otherwise failed to respond.   See docket.   On January 30, 2013, the Court ordered Plaintiff to show cause why the action should not be dismissed for lack of prosecution on or before February 13, 2013.   See Order at Doc. #44.   Again, Plaintiff failed to respond.   Consequently, Defendants also move for dismissal based on Plaintiff's failure to comply with the Court's Orders.   Docs.
(continued...)

25, 2011 Order, Plaintiff filed an Amended Civil Rights Complaint (Doc. #14, Amended Complaint) against the Secretary of the Florida Department of Corrections and Dr. Jacques Lamour alleging deliberate indifference to his serious medical condition in violation of the Eighth Amendment of the United States Constitution.   In pertinent part, Plaintiff alleged that, on September 25, 2007, Defendant Lamour conducted a post-operative examination of Plaintiff at Desoto Correctional Institution based on Plaintiff's continued complaints of pain after his colon resection surgery, which had occurred in July 2007.   Amended Complaint at 10.  Plaintiff alleged that Defendant Lamour confirmed by x-ray that a piece of medical equipment from the surgery remained inside Plaintiff.  Doc. #14-1 at 1.  Plaintiff alleged that Defendant Lamour told Plaintiff to "just relax," as he proceeded to remove Plaintiff's staples, re-open the surgical incision, and attempt to manually remove the foreign object from Plaintiff's body, without any anesthesia in a non-sterile environment.  Id.  Plaintiff alleged that Defendant Lamour neither successfully removed the foreign object from Plaintiff's body, nor did Dr. Lamour refer Plaintiff to an outside medical provider for

---

[1](...continued)
#45, #46.  Because the Court grants Defendants' motions for summary judgment, the Court will deny Defendants' motions to dismiss as moot.  Nevertheless, in the alternative, the Court notes that this action is subject to dismissal based on Plaintiff's failure to prosecute his action.

additional treatment. Id. Plaintiff claimed that he still has the foreign object in his body and that he still experiences pain and discomfort. Id. As relief, Plaintiff sought $500,000 in damages. Id.

In denying Defendant Lamour's motion to dismiss the Court found the Amended Complaint set forth an Eighth Amendment claim stemming from: (1) Defendant Lamour's alleged two-month delay in rendering medical treatment to Plaintiff- the delay between the time of Plaintiff's surgery to the time Defendant Lamour realized Plaintiff had a foreign object in his body and attempted to render treatment; (2) Defendant's alleged actions in attempting to remove the foreign object from Plaintiff's abdominal region in an unsterile environment and without anesthesia; and (3) Defendant's alleged failure to provide any additional treatment to Plaintiff, considering Plaintiff claimed he still had the foreign object in his body. See Doc. #28 at #9.

Defendant Lamour now moves for summary judgment, arguing that there is no evidence that Dr. Lamour was deliberately indifferent to Plaintiff's medical needs, or that Lamour caused Plaintiff any injury. See generally Lamour Mot. SJ. at 2. Pointing to the exhibits of record, Defendant Lamour argues that there was no delay in examining Plaintiff when he complained of post-operative pain. Id. at 10-12. With respect to the consultation on September 25, 2007, Defendant Lamour noted that Plaintiff had something

-4-

protruding under the skin where Plaintiff had a surgical incision, and that he administered local anesthetic before placing a small incision to determine the cause of Plaintiff's pain, which would later be determined to be a suture granuloma.[2]  Id. at 12-14. Finally, Defendant Lamour argues that the record evidence disputes Plaintiff's allegation and shows that he referred Plaintiff to South Florida Reception Center where Dr. Juan Manez examined Plaintiff and removed a suture granuloma from Plaintiff's lower abdomen.  Id. at 14-17.

Defendant Secretary for the Department of Corrections also argues that he is entitled to judgment as a matter of law and asserts that there are no facts alleging the Florida Department of Corrections of any wrongdoing.  DOC Mot. SJ at 7.  To the extent Plaintiff attributed liability on the Department of Corrections alleging that Defendant Lamour worked for the Department, Defendant argues that Lamour does not work for the Department.  Instead, Lamour is employed by an independent contractor who contracts with the Department to provide medical services.  Id. at 8.

---

[2]**Granuloma-** an imprecise term for (1) any small nodular delimited aggregation of mononuclear inflammatory cells, or (2) such a collection of modified macrophages resembling epithelial cells, usually surrounded by a rim of lympocytes.  **Stitch granuloma-** a foreign body granuloma occurring around a buried non-absorbable suture.  Lamour Mot. SJ at 5, n. 2 (citing medical dictionary.com).

## II.

"Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Coward, 631 F.3d 1337, 1341 (11th Cir. 2011)(internal quotations and citations omitted). See also Fed. R. Civ. P. 56(c)(2). "The moving party may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial." Moton, 631 F.3d at 1341 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The standard for creating a genuine dispute of fact requires the court to "make all *reasonable* inferences in favor of the party opposing summary judgment," Chapman v. Al Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc)(emphasis added), not to make all *possible* inferences in the non-moving party's favor.

If the moving party meets its burden of production, the non-moving party "must present evidence beyond the pleadings that shows a reasonable jury could find in its favor to avoid the entry of summary judgment." Bell v. Sec'y, Fla. Dep't of Corr., NO. 12-11025, 2012 WL 4465268 (11th Cir. 2012)(citing Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1301 (11th Cir. 2009); see also Beard v. Banks, 548 U.S. 521, 529 (2006)(citations omitted); Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220,

1225 (11th Cir. 1999).  If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party.  Beard, 548 U.S. at 529 (citations omitted); Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).  "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'"  Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted).  Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact.  Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007). Conclusory allegations based on subjective beliefs are not sufficient to create a genuine issue of material fact.  Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). Further, "allegations in affidavits must be based on personal knowledge, and not be based, even in part, 'upon information and belief.'"  Pittman v. Tucker, 213 F. App'x 867, 870 (11th Cir. 2007)(quoting Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002)).  In the summary judgment context, however, the Court must

construe *pro se* pleadings more liberally than those of a party represented by an attorney.  Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

### III.

The following facts are undisputed by the parties.  Plaintiff initiated this action as a Florida prisoner,  but has since been released.    See   docket.    Plaintiff   experienced   chronic gastrointestinal issues and pain as a result of a gunshot wound to the abdomen that occurred approximately twenty years ago.  Exh. A at 2.   In late June 2007, Plaintiff experienced gastrointestinal bleeding,  among  other  symptoms,  and  underwent  an  exploratory procedure at Larkin Community Hospital before undergoing a small bowel resection surgery.  Lamour Mot. SJ at 1-2; Exh. A at 2.  The surgeon's notes in the operative report indicate that the source of the bleeding was never located and that Plaintiff had "complex adhesions" from his prior "multiple surgeries."  Exh. C.   After receiving post-operative medical care at Larkin Community Hospital, Plaintiff was transferred to South Florida Reception Center for rehabilitation.

On September 5, 2007, Plaintiff was transferred to DeSoto Correctional Institution where Dr. Lamour was a physician.  Lamour Mot. SJ at 2.  On September 6, B. Turner, ARNP, examined Plaintiff regarding his complaints of abdominal pain.  Lamour Mot. SJ at 4; Exh. B at 95.  Turner noted that Plaintiff had a protrusion, like

a staple, sticking out near his surgical scar, and reported that he would obtain the consultation report to reference the extent of the surgery. Exh. B at 95. On September 14, Plaintiff had a follow-up examination with V. Whiddon, LPN, and Dr. Lamour concerning his abdominal pains. Lamour Mot. SJ at 4; Exh B at 94. Plaintiff complained of something sticking in his skin inside his abdomen. Exh. B at 94. Defendant Lamour prepared a physician's order to schedule Plaintiff for a surgical consult on September 25, 2007. Lamour Mot. SJ at 5; Exh. E. On September 25, 2007, Plaintiff had his surgical consult with Dr. Lamour. Dr. Lamour, noting that something was protruding under Plaintiff's skin, administered local anesthesia before making a small incision. Mot SJ at 5; Exh. B at 91-92. Because the object was "deeply embedded," Lamour closed the incision and referred Plaintiff to surgery at South Florida Reception Center. Id.

On October 3, 2007, Plaintiff was transferred to South Florida Reception Center for medical care. Exh. B 87-89. On October 5, Dr. Juan Manez examined Plaintiff and diagnosed him with a suture granuloma, which he surgically removed from Plaintiff's lower abdomen. Plaintiff tolerated the procedure well. Mot. SJ at 5; Exh. B at 84-85. On October 9, Plaintiff's radiology report showed only non-specific bowel gas pattern. Exh. G.

Plaintiff was transferred back to Desoto Correctional from South Florida Reception Center. On January 7, 2008, Plaintiff went

to the medical department as a result of stomach pain.  Dr. Lamour
wrote on the chart that it appeared Plaintiff had a "foreign body"
implanted in his abdominal wall tissue.  Lamour Mot. SJ at 6; Exh.
H.  As a result, Lamour submitted another consultation request for
Plaintiff.   Plaintiff was transferred back to South Florida
Reception Center where he was examined by Dr. Alvaro Bada.  Id.  On
January 21, 2008, Dr. Bada diagnosed Plaintiff with a suture
granuloma and recommended excision of the granuloma.  Lamour Mot.
SJ at 6; Exh. H.  Dr. Bada also prepared a consultation report
indicating that Plaintiff had a "subcutaneous mass."  Lamour Mot.
SJ. at 6; Exh. I.  On February 1, 2008, Plaintiff executed a
refusal of healthcare affidavit in which he refused the surgery.
Mot. SJ at 6; Exh. B at 67; Exh. J.

## IV.

In order to assert liability pursuant to 42 U.S.C. § 1983, a
plaintiff must allege (1) Defendants deprived him of a right
secured under the United States Constitution or federal law, and
(2) such deprivation occurred under the color of state law.
Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S.
Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).
In addition, Plaintiff must allege and establish an affirmative
causal connection between the defendant's conduct and the
constitutional deprivation.  Marsh, 268 F.3d at 1059; Swint v. City
of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County

Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Plaintiff's claims concerning his medical treatment invoke the protections of the Eighth Amendment. Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted). In order to state a claim for a violation under the Eighth Amendment, a plaintiff-prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Hudson v. McMillan, 503 U.S. 1, 9 (1992)(opining that a prisoner must demonstrate a "serious" medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care. . . ."). This showing requires a plaintiff to satisfy both an objective and a subjective inquiry. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)).

First, a plaintiff must show that he had an "objectively serious medical need." Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize

the necessity for a doctor's attention." Id. (citations omitted).
"The medical need must be one that, if left unattended, pos[es] a
substantial risk of serious harm." Id.

Second, a plaintiff must establish that a defendant acted with
"deliberate indifference" by showing both a: (1) subjective
knowledge of a risk of serious harm (i.e., both awareness of facts
from which the inference could be drawn that a substantial risk of
serious harm exists and the actual drawing of the inference); and
(2) disregard of that risk; and (3) conduct that is more than gross
negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).
"Whether a particular defendant has subjective knowledge of the
risk of serious harm is a question of fact 'subject to
demonstration in the usual ways, including inference from
circumstantial evidence, and a factfinder may conclude that a
prison official knew of a substantial risk from the very fact that
the risk was obvious.'" Goebert v. Lee County, 510 F.3d 1312, 1327
(11th Cir. 2007)(quoting Farmer v. Brennan, 511 U.S. 825, 842
(1994)). "A difference in medical opinion does not constitute
deliberate indifference so long as the treatment is minimally
adequate." Whitehead v. Burnside, 403 F. App'x 401, 403 (11th Cir.
2010)(citing Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir.
1991)). A doctor's decision about the type of medicine that should
be prescribed is generally "a medical judgment" that is "an
inappropriate basis for imposing liability under section 1983."

-12-

Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (stating that "[m]ere medical malpractice, however, does not constitute deliberate indifference.  Nor does a simple difference in medical opinion.").  "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Co. Pet. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008)(quoting Harris, 941 F.2d at 1504).  For example, the Eleventh Circuit previously found "that a doctor's failure to administer stronger medication . . . pending the arrival of [an] ambulance ... [was] a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983." Id. (citing Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995)). Consequently, "[d]eliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

"Deliberate indifference" includes "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem," where "the delay does seriously exacerbate the medical problem," and where "the delay is medically unjustified."  Harper v. Lawrence Cnty., 592 F.3d 1227, 1235 (11th Cir. 2010) (quoting Taylor, 221 F.3d 1254, at 1259 (11th Cir. 2000).  See also McElligott v. Foley, 182

-13-

F.3d 1248, 1255 (11th Cir. 1999); Harris v. Coweta County, 21 F.3d 388, 393-394 (11th Cir. 1994); Brown v.  Hughes, 894 F.2d 1533, 1537-39 (11th Cir. 1990).  A delay of even hours may be deliberate indifference given the "reason for the delay and the nature of the medical need."  McElligott, 182 F.3d at 1255.  However, "[a]n inmate who complains that delay in medical treatment [rises] to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay."  Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds Hope v. Pelzar, 536 U.S. 730 (2002).  "Self-serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records."  Whitehead v. Burnside, 403 F. App'x 401, 403 (11th Cir. 2010)(citations omitted).

The uncontroverted evidence of record reveals that Defendant Lamour did not act with deliberate indifference to Plaintiff's medical condition.  Plaintiff's medical condition generally involved chronic gastrointestinal issues. More specifically, with respect to Dr. Lamour's involvement, a suture granuloma.  Contrary to Plaintiff's unsupported allegations, the record reveals that Plaintiff did not have a piece of medical equipment left inside him from the surgery at Larkin Community Hospital.  It appears Plaintiff simply misunderstood his diagnosis and thought a "foreign body" meant that he had a piece of medical equipment left inside

him from the surgery.   By definition, a suture granuloma is a foreign body granuloma occurring around a buried non-absorbable suture.

Assuming *arguendo* that Plaintiff's suture granuloma constituted a serious medical condition, <u>see</u> <u>Curry v. Thomas</u>, 2009 WL 2959739 (W.D. Pa. Sept. 15, 2009)(concluding that stitch granuloma constituted a serious medical condition), the record reveals that Defendant Lamour did not act with deliberate indifference.   Defendant Lamour was not involved in rendering medical care for Plaintiff until <u>after</u> Plaintiff underwent small bowel resection surgery.   When Plaintiff complained of abdominal pain after his, Defendant Lamour promptly examined Plaintiff and referred Plaintiff for further treatment as he deemed necessary. Based on Lamour's recommendation, Plaintiff was transferred back to South Florida Reception Center for removal of a suture granuloma within one month after Plaintiff's arrival at Desoto Correctional. When Plaintiff returned to DeSoto Correctional and complained of abdominal pain the second time in January 2008, Dr. Lamour again examined Plaintiff and prepared a consultation request prompting the transfer of Plaintiff back to the South Florida Reception Center.   While at South Florida Reception Center, Plaintiff was examined and Dr. Bada again diagnosed Plaintiff with a suture granuloma.   Dr. Bada also noted a subcutaneous mass.   This time the record shows that Plaintiff refused any medical treatment.

-15-

The record is entirely devoid of any evidence showing that Defendant Lamour knew, or was aware, of a substantial risk of serious harm to Plaintiff. The record is devoid of any evidence showing that Lamour disregarded that risk by failing to take reasonable measures. Moreover, Plaintiff has failed to demonstrate that he suffered any harm as a result of Defendant Lamour's actions. Thus, Defendant Lamour is entitled to summary judgment. Because the Court is granting Dr. Lamour's motion for summary judgment, the Court need not determine whether Dr. Lamour was an employee of the Department of Corrections as raised in the Defendant Secretary Department of Corrections' motion for summary judgment. Significantly, there is no *respondeat superior* liability in § 1983. <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 690-692 (1978); <u>Quinn v. Monroe County</u>, 330 F.3d 1320, 1325 (11th Cir. 2003); <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir. 2003). Nevertheless, the Amended Complaint contains no allegations of wrongdoing as to the Secretary of the Department of Corrections.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Lamour's motion for summary judgment (Doc. #40) is **GRANTED**.

2.    Defendant Secretary of the Florida Department of Corrections' motion for summary judgment (Doc. #32) is **GRANTED**.

3.  Defendants' motions to dismiss for failure to prosecute (Docs. #45, #46) are **DENIED as moot.**

4.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Orlando, Florida, on this ___11___ day of March, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record